DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Gary J. Leasure, | ) | |
| | ) | CASE NO. 5:13 CV 525 |
| Petitioner-Defendant, | ) | Criminal Case No. 5:10 CR 241 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent-Plaintiff. | ) | |
| | ) | |

The petitioner was convicted for the offense of being a felon in possession of a firearm and sentenced to 180 months as an armed career criminal.

He now request habeas relief on the proposition that his prior conviction for domestic violence did not constitute a predicate felony justifying armed career criminal status.

Leasure challenged his sentence on appeal. In the unpublished opinion, Judge Gibbons, writing for the court, opined in part, as follows:

> On July 27, 2010, Leasure pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Prior to Leasure's plea, the government notified Leasure that it would seek to classify him as an armed career criminal under the sentencing enhancement provisions of the ACCA, 18 U.S.C. § 924(e)(1), and listed the following predicate felonies: (1) aggravated burglary (two separate counts); (2) fourth-degree burglary; and (3) domestic violence. On the basis of these predicate felonies, the district judge considered Leasure an armed career criminal and sentenced him to 180 months of imprisonment, the statutory minimum, plus five years of supervised release. <u>On appeal, Leasure contests only the government's reliance upon the aggravated burglary and fourth-degree burglary convictions as predicate felonies; he does not object to the classification of his domestic violence conviction.</u> (Emphasis added.)

(5:13 CV 525 -
(Criminal Case No. 5:10 CR 241)

An action for habeas relief is not a substitute for direct appeal. The petitioner's direct appeal did not challenge the use of his domestic violence conviction as a predicate offense. Consequently, the petitioner's belated attempt to argue now for the first time that his domestic violence conviction should not have counted is too late and is without merit.

In passing, the Court notes that the defendant's presentence report developed the fact that the defendant had amassed 28 criminal history points and with an offense level of 30 and a criminal history category VI, the defendant would have been subject to a sentencing range of 168 to 210 months. However, the maximum sentence that could be imposed for the violation was 180 months. Consequently, at a minimum, if this case were remanded for re-sentencing, the defendant would be subject to a sentencing range of 168 to 180 months.

However, the court is of the view that the petitioner is not entitled to habeas relief and the Court's entry shall so indicate.

IT IS SO ORDERED.

| August 20, 2013 | */s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |