**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NOS. 5:10-cr-00241-DAP** |
| ) | **5:15-cv-02000-DAP** |
| **Respondent,** ) | |
| ) | **JUDGE DAN AARON POLSTER** |
| vs. ) | |
| ) | <u>**OPINION AND ORDER**</u> |
| **GARY J. LEASURE,** ) | |
| ) | |
| **Defendant-Petitioner** ) | |

Before the Court is the Motion for Relief Under 28 U.S.C. § 2255 filed by Defendant-Petitioner Gary J. Leasure. Doc #: 45. For the following reasons, the Motion is GRANTED.

**I. Background**

On June 2, 2010, Gary J. Leasure was charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Doc #: 1. The Government filed an Armed Career Criminal Notice on July 21, 2010, asserting that Leasure was subject to the fifteen-year mandatory minimum sentence under 18 U.S.C. § 924(e)(1) because he had at least three prior convictions for violent felonies. Doc #: 13. He pled guilty to the indictment on July 27, 2010 without a plea agreement. Doc #: 34. At the change of plea hearing, the Court advised

Leasure that he would be subject to the fifteen-year mandatory minimum sentence if he was found to be an Armed Career Criminal, and Leasure indicated that he understood. Plea Tr. 18, Doc #: 34.

The presentence report ("PSR") prepared by the U.S. Probation Office determined that Leasure qualified as an Armed Career Criminal based on his prior felony convictions for Aggravated Burglary (two counts), August 13, 1991, Summit County Court of Common Pleas Case No. CR 1991-07-1427A; Burglary 4th Degree, November 27, 2002, Summit County Court of Common Pleas Case No.02-10-3002; and Domestic Violence, October 5, 2005, Summit County Court of Common Pleas, Case No. 05-08-2917. On October 22, 2010, Leasure filed a sentencing memorandum in which he objected to the PSR's conclusion that he qualified as an Armed Career Criminal under 18 U.S.C. § 924(e) because his prior convictions for Burglary 4th Degree in 2002 and Domestic Violence in 2005 were void under Ohio law. Doc #: 14.

At the sentencing hearing on November 12, 2010, Leasure argued that the Ohio courts' purported failure to properly impose conditions of post-release control at sentencing made his Burglary 4th Degree and Domestic Violence convictions void. The Court overruled Leasure's objection, found that he qualified as an Armed Career Criminal based on his four violent felonies, and sentenced him to the mandatory minimum 180-month prison sentence, followed by five years of supervised release and a $100 special assessment. Sentencing Tr. 2, 7–8, Doc #: 28.

On direct appeal, Leasure argued that his prior convictions for Aggravated Burglary and Burglary 4th Degree did not qualify as violent felonies for Armed Career Criminal Act ("ACCA") purposes; he did not challenge his Domestic Violence conviction. *United States v. Leasure*, 455 Fed.Appx. 564, 565 (6th Cir. 2011). Because Leasure was making this challenge

for the first time on appeal, the Sixth Circuit reviewed it for plain error, ultimately rejecting his arguments. *Id*.

On March 6, 2013, Leasure filed a timely Motion to Vacate his Sentence under 28 U.S.C. § 2255, contending that under (unidentified) "recent Supreme Court authority," the prior convictions used to enhance his sentence under the ACCA no longer qualified as valid predicate offenses to sustain the 180-month sentence under 18 U.S.C. § 924(e)(1). Doc #: 39. The Court rejected Leasure's contentions and denied his motion on August 20, 2013. Doc #: 43.

On September 25, 2015, Leasure filed the instant § 2255 Motion based on the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which invalidated a part of the definition of violent felony used in the ACCA. On October 16, 2015, the Court issued a non-document order stating that Leasure did not need to seek Sixth Circuit certification to file a second § 2255 petition in the district court under *Johnson* and directing the Government to file a response brief. This Opinion and Order follows.

**II. The Armed Career Criminal Act**

The ACCA provides that a felon in possession of a firearm who has three previous convictions for violent felonies must be sentenced to a mandatory minimum of fifteen years of imprisonment. 18 U.S.C. § 924(e)(1). A violent felony is defined as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). "Courts generally refer to

§ 924(e)(2)(B)(i) as the 'force' prong, to the portion of § 924(e)(2)(B)(ii) listing specific offenses as the 'enumerated felonies' prong, and to the portion of § 924(e)(2)(B)(ii) covering conduct involving a serious potential risk of physical injury as the 'residual clause.'" *United States v. Elliott*, 757 F.3d 492, 494 (6th Cir. 2014).

In *Johnson v. United States*, the Supreme Court invalidated the residual clause of § 924(e)(2)(B)(ii), holding that imposing an increased sentence under the residual clause, which provides that a felony that "involves conduct that presents a serious potential risk of physical injury to another" should be treated as a "violent felony," is unconstitutional. 135 S. Ct. at 2555, 2557 (2015). *Johnson* did not invalidate either the force prong or enumerated felonies prong.

## III. Discussion

Leasure was found to be an armed career criminal based on four predicate offenses: two counts of Ohio's first-degree aggravated burglary statute, one count of Ohio's fourth-degree burglary statute, and one court of Ohio's third-degree domestic violence statute. Leasure argues that none of these offenses qualifies, after *Johnson*, as a crime of violence under the ACCA;[1] the Government argues that three offences qualify. The Court now holds that three of Leasure's four predicate offenses no longer qualify as violent felonies under the ACCA.

### A. First-degree Aggravated Burglary and Fourth-degree Burglary

Leasure argues that he does not qualify as an Armed Career Criminal because, at the time of sentencing and prior to *Johnson*, the Sixth Circuit held that a conviction for Ohio's

---

[1] Leasure raised arguments regarding Ohio's third-degree domestic violence statute for the first time in his Reply, Doc #: 48. Accordingly, the Court directed the Government to file a sur-reply, which it did, Doc #:49.

Aggravated Burglary statute, O.R.C. § 2911.11, qualified as an ACCA predicate solely under the residual clause, pursuant to *United States v. Coleman*, 655 F.3d 480, 481–84 (6th Cir. 2011) (finding Ohio's burglary or attempted aggravated burglary statutes fall under the residual clause) and *United State v. Fowler*, 457 Fed.App'x 533 (6th Cir. 2012) (finding Ohio's attempted aggravated burglary falls under the residual clause) (citing *Coleman*). Furthermore, prior to *Johnson*, this Court found Ohio's fourth-degree burglary statute, O.R.C. § 2911.12(A)(4), qualified as an ACCA predicate solely under the residual clause, citing *United States v. Skipper*, 552 F.3d 489, 491–93 (6th Cir. 2009). In sum, because the *Johnson* Court invalidated the residual clause of the ACCA, Leasuer argues that his prior convictions for aggravated burglary and fourth-degree burglary no longer qualify as predicate offenses under the ACCA.

Regarding fourth degree burglary, the Government concedes that, because of *Johnson*, "Leasure's 2002 Burglary 4th Degree conviction no longer qualifies as a violent felony." Response 5, Doc #: 47. As the matter is undisputed, the Court holds without further discussion that the Leasure's 2002 fourth-degree burglary conviction no longer qualifies as a violent felony.

However, the Government contends that the convictions for Aggravated Burglary still qualify as violent felonies, even after *Johnson*, because they are convictions for enumerated felonies, which *Johnson* did not invalidate.

When considering whether a conviction for a state offense such as burglary qualifies as one of the enumerated felonies, the Court must determine whether the offense is the enumerated felony in "the generic sense in which the term is now used in the criminal codes of most States." *Taylor v. United States*, 495 U.S. 575, 598 (1990). Generic burglary is "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or

-5-

remaining in, a building or structure, with intent to commit a crime." *Id*. at 599. The Court noted that "[a] few States' burglary statutes . . . define burglary more broadly, e.g., by eliminating the requirement that the entry be unlawful, or by including places, such as automobiles and vending machines, other than buildings." *Id.*

Importantly, the Sixth Circuit has already decided whether Leasure's first-degree aggravated burglary conviction represents an enumerated felony, unequivocally establishing at least the law of the case, if not the law of the circuit:

> Although "burglary" is an enumerated example of a violent felony under 18 U.S.C. § 924(e)(2)(B)(ii), the Supreme Court has distinguished between "generic" and "non-generic" burglary statutes for sentencing enhancement purposes. To automatically "qualify as a burglary under ACCA, a defendant's prior conviction must be for 'generic burglary,'" i.e., "'an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.'" If a defendant's conviction falls under a non-generic burglary statute—which is broader than generic burglary and may, for example, include entry into structures other than buildings or not require criminal intent—it does not automatically qualify for sentence-enhancement purposes. ***The Ohio burglary statute in question is non-generic, as it was in 1991 when Leasure was convicted of aggravated burglary and in 2002 when he was convicted of fourth-degree burglary.***

*Leasure*, 455 F. App'x at 565–66 (6th Cir. 2011) (citations omitted) (emphasis added). As this matter was decided by the Sixth Circuit on earlier direct appeal, this Court must "proceed in accordance with the mandate and law of the case as established by the appellate court." *Hanover Ins. Co. v. American Engineering Co.*, 105 F.3d 306, 312 (6th Cir.1997). The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). Thus, even were the Court inclined to agree with the Government's arguments, this Court cannot contradict a controlling decision of the Sixth Circuit absent exceptional

-6-

circumstances not applicable here. *See Hanover*, 105 F.3d at 312 (outlining exceptions for new evidence, subsequent contrary and controlling law, and manifest injustice). Here, the Government points to no new law overruling or abrogating the above-quoted holding. Rather, the Government argues that the Sixth Circuit misapplied earlier decisions including *United States v. Holycross*, 333 F. App'x 81 (6th Cir. 2009), and *United States v. Lane*, 909 F.2d 895 (6th Cir. 1990), in reaching the above-quoted holding. This Court cannot reconsider or distinguish the Sixth Circuit's earlier interpretation, in a controlling decision made on direct appeal of the instant case, of then-existing case law.

Accordingly, the Court makes no new holding and simply restates the law of this case: "[t]he Ohio burglary statute in question is non-generic, as it was in 1991 when Leasure was convicted of aggravated burglary and in 2002 when he was convicted of fourth-degree burglary." *Leasure*, 455 F. App'x at 566. As Leasure's aggravated burglary convictions were non-generic and considered violent felonies only under the residual clause of the ACCA, *see id.* at 568, they no longer qualify as violent felonies under the ACCA and can no longer sustain an armed career criminal minimum sentence.

**B. Third-degree Domestic Violence**

Absent the two first-degree aggravated burglary and the fourth-degree burglary predicate offenses, as described above, the single third-degree domestic violence conviction is quantitatively inadequate under the ACCA, which requires at least three predicate convictions. Consequently, the Court need not and will not presently decide whether Leasure's conviction for third-degree domestic violence qualifies as a violent felony under the ACCA.

**III. Conclusion**

For the reasons discussed above, Motion for Relief , Doc #: 45, is GRANTED. Gary J. Leasure's sentence is VACATED. A new sentencing hearing before is set for January 12, 2016, at 2:00 p.m. in Courtroom 18B before Judge Dan Aaron Polster.

**IT IS SO ORDERED.**

                                           */s/ Dan A. Polster     Dec. 2, 2015*
                                           **DAN AARON POLSTER**
                                           **UNITED STATES DISTRICT JUDGE**